Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50301 | **DATE** | 12/3/2003 |
| **CASE TITLE** | Stallworth vs. Pierson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies petitioner's motion to dismiss without prejudice, denies all claims in the section 2254 petition, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | DEC - 4 2003 date docketed |
| | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | 12-4-03 date mailed notice |
| LC | courtroom deputy's initials | SW mailing deputy initials |

Document Number: 13

# MEMORANDUM OPINION AND ORDER

Petitioner, Bryan Stallworth, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, raising 15 claims. The State has filed a comprehensive and helpful response seeking denial of all claims.

Petitioner has also filed a motion to dismiss without prejudice based on his having a pending motion in the state court regarding DNA evidence. In that regard, an application for writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the state court. 28 U.S.C. § 2254(b)(2). Because the court can address all claims raised on the merits, including those related to the pending state court motion, the motion to dismiss for non-exhaustion is denied.

Petitioner has identified his claims as A-O. The court will refer to them as such in addressing each claim.

Two principles of habeas corpus law control the vast majority of petitioner's claims. If a petitioner fails to raise an issue in state court proceedings, he cannot raise it for the first time in a federal habeas corpus petition. Kurzawa v. Jordan, 146 F. 3d 435, 441 (7th Cir. 1998). A federal court will also not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. Moore v. Bryant, 295 F. 3d 771, 774 (7th Cir. 2002). The independent and adequate state ground doctrine applies to bar federal habeas corpus relief when a state court declines to address a prisoner's federal claim because he had failed to meet a state procedural requirement. Moore, 295 F. 3d at 774.

Here, claims A, C, F, G, and I were never presented to the state court and are thus procedurally defaulted. Claims B, D, E, and H were not raised in any of petitioner's appeals and are likewise procedurally defaulted.

That leaves claims J-O. Claim J, which was raised in a post conviction petition, is barred by the independent and adequate state ground doctrine as the state appellate court found it to be waived. Claims K, L, and O, based on the ineffectiveness of post conviction counsel, are not cognizable federal constitutional violations. See Steward v. Gilmore, 80 F. 3d 1205, 1212 (7th Cir. 1996). Claim M, premised on a misapplication of state law by the Illinois Supreme Court, is not cognizable under federal habeas corpus. See Jones v. Thieret, 846 F. 2d 457, 459-61 (7th Cir. 1988).

The remaining claim N asserts that the trial court erred in appointing the public defender to represent petitioner on his motion for DNA testing because petitioner filed a complaint with the Illinois Attorney and Registration Committee against another attorney in the public defender's office. This claim is denied for several reasons. First, it does not specify any federal constitutional claim. Second, to the extent that it can be read to assert an ineffective assistance of counsel claim, there is no such constitutional right in a post conviction proceeding. See Steward, 80 F. 3d at 1212. Third, under Illinois law, there is no per se conflict of interest to have another member of the public defender's office represent a defendant when the defendant has filed an ARDC complaint against another attorney in the office. See People v. Cook, 279 Ill. App. 3d 718, 723-24, 665 N.E. 2d 299, 302-03 (1995). Thus, petitioner here has not alleged any conflict of interest that would trigger an ineffective assistance of counsel claim.

For the foregoing reasons, the court denies petitioner's motion to dismiss without prejudice, denies all claims in petitioner's section 2254 petition, and dismisses this cause in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Bryan Stallworth             **JUDGMENT IN A CIVIL CASE**

    v.

Mark Pierson, et al.           Case Number: 03 C 50301

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court denies petitioner's motion to dismiss without prejudice, denies all claims in the section 2254 petition, and dismisses this cause in its entirety.

FILED-WD
03 DEC -3 PM 3:45
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 12/3/2003

_Susan W. Wessman_
Susan M. Wessman, Deputy Clerk